Edward G. Hamel (AZ SBN 036364)
**MAYESTELLES PLLC**
3636 North Central Avenue, Suite 1000
Phoenix, Arizona 85012-1927
Telephone: 602.714.7900
Facsimile: 602.357.3037
Hamel_courts@mayestelles.com
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. CR 23-00212-PHX-SPL |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| Heriberto Lopez-Landeros, | |
| Defendant. | |

Defendant, Heriberto Lopez-Landeros ("Mr. Lopez"), by and through the undersigned counsel respectfully requests that this Court sentence him 60 months incarceration followed by a term supervised release. Such a sentence would be "sufficient but not greater than necessary" to comply with the goals of sentencing set forth in 18 USC § 3553(a).

I.   Sentencing Considerations

Under the terms of the plea agreement in this case, the Mr. Lopez plead guilty to Count 2, the lesser-included offense of Possess with Intent to Distribute 50 grams or more of Methamphetamine, a Schedule II Controlled Substance. Under the terms of the agreement Mr. Lopez' sentence shall not exceed 168 months and nothing in the agreement precludes Mr. Lopez from moving for a downward departure, variance or sentence below the cap, or from the Court from imposing a sentence below the cap.

The Pre-Sentence Report recommended a sentence of 168 months incarceration followed by 4 years of supervised release. The United States is also recommending a sentence of 168 months incarceration followed by 4 years of supervised release.

Mr. Lopez' requested sentence would satisfy the requirement of 18 U.S.C. §3553(a) that the sentence be sufficient, but not greater than necessary in light of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established . . .;
(5) any pertinent [Sentencing Commission] policy statement . . .;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

Mr. Lopez is a 44-year-old man; he was 42 at the time of the present offense. As detailed in his Pre-Sentence Interview, Mr. Lopez is a United States Citizen by virtue of his birth in Phoenix, Arizona. Mr. Lopez spent much of his first decade of life growing up in Mexico and then returned to Arizona. His parents were separated due to his father's extended incarceration. He has strong relationship with his mother and has strong family support, to include his present long time "common law" wife, Maria. He and Maria have 5 children together, whom Mr. Lopez misses greatly. He sincerely regrets his involvement in this matter, primarily because of the negative effect its had on Maria and, in particular, his youngest 2 children, Gael (age 11) and Kendra (age 10). Presently, Gael is recovering from surgery to correct issues with his pelvis and hip. Gael cannot walk and will require significant therapy, recovery time and care.

Mr. Lopez freely admits his role in this matter (as outlined in the plea agreement) and, of note, accepts responsibility. However, it is important to note that Mr. Lopez and his confederates, are not accused by the Government of any type of violence. In fact, the Government conducted an extremely thorough investigation, including the utilization of

Title III wire intercepts, confidential human sources, cooperating individuals, and undoubtedly countless hours of surveillance and other investigative techniques. With the full weight of all of the Government's resources, it is near assured that they are very well aware the extent of Mr. Lopez' criminal involvement. And even with those resources, the Government did not uncover any violent actions on behalf of the organization or Mr. Lopez. Nor did the government uncover or seize outlandish amounts of controlled substances discovered from the investigation's inception in July of 2021 until Mr. Lopez' arrest on February 22, 2023. Firearms were indeed discovered at Mr. Lopez' residence, however, again, there were no allegations that Mr. Lopez, nor any of his co-defendants carried or ever utilized them in a violent manner.

Mr. Lopez has a very dated prior criminal history. Again, though, it is devoid of any allegations of violence. His last prior offense occurred over 20 years ago. That offense, Promoting Prison Contraband, involved his possession of a very small amount of methamphetamine that unfortunately occurred while on probation for another offense and was discovered inside of a jail facility. In that matter, Mr. Lopez was very aggressively prosecuted by now disbarred attorney Lisa Aubuchon.

The requested sentence of 60 months (5 years) is a very significant sentence for a man that is not accused of any violent crimes. Moreover, Mr. Lopez has no prior history of violent offenses. Prior to this incident, he was not charged with any offenses for nearly 20 years.

Mr. Lopez has always supported his family, both emotionally and financially. He deeply misses and regrets the stress and damage that his actions have caused them. In particular, Mr. Lopez' youngest two children have suffered emotionally since Mr. Lopez arrest and detention. They have been the target of other children's ridicule while in school and also simply miss the companionship, love and affection of their dad.

Upon his eventual release from custody, he vows to live a crime free lifestyle. His involvement in this activity has greatly upset and disappointed his family, who were very

surprised by his arrest. Mr. Lopez now realizes that his lifestyle will undoubtedly lead to his death or terminal incarceration. He does not wish to waste anymore of his life.

Mr. Lopez knows that his actions were wrong. He was cooperative, respectful and remorseful during the pendency of this matter. He has learned a lot from this experience and has chosen to spend his time in pretrial detention by taking self-improvement classes available to him. Mr. Lopez recognizes that his lifelong substance abuse issues certainly contributed to his present situation.

Mr. Lopez is a promising prospect and has a loving and caring family who will continue to encourage him as to remain upon a positive course. Mr. Lopez has plans for future work to support him and his family. He greatly wishes to become an active part of his children's lives again. He is anxious to put this matter behind him and move on with his life.

In light of the many positive factors weighing in his favor, we respectfully ask the Court to find appropriate downward departures and variances to mitigate Mr. Lopez's sentence so that he may rejoin society and his family.

RESPECTFULLY SUBMITTED this 20th day of November 2024.

**MAYESTELLES PLLC**

By: ___/s/ Edward G. Hamel_____
      Edward G. Hamel
      *Attorney for Defendant*